**CROSLEY CORPORATION v. WESTINGHOUSE ELECTRIC & MANUFACTURING CO.**

**No. 7960.**

Circuit Court of Appeals, Third Circuit.

Argued April 9, 1942.

Decided July 31, 1942.

Rehearing Denied Sept. 10, 1942.

Writ of Certiorari Denied Nov. 16, 1942.

See — U.S. —, 63 S.Ct. 202, 87 L.Ed. —.

Samuel E. Darby, Jr., of New York City (Christy, Parmelee & Strickland, of Pittsburgh, Pa., Floyd H. Crews, of New York City, and Alden D. Redfield, of Cincinnati, Ohio, on the brief), for appellant.

Carl S. Lloyd, of Chicago, Ill. (Victor S. Beam, of New York City, and W. Melville Van Sciver, of Lester, Pa., on the brief), for appellee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

MARIS, Circuit Judge.

Westinghouse Electric and Manufacturing Co. is a Pennsylvania corporation which is the owner of many patents relating to refrigerators. The Crosley Corporation, an Ohio corporation, manufactures and sells refrigerators. On July 31, 1941, Crosley filed a complaint in the District Court for the Western District of Pennsylvania in which it sought a declaratory judgment that sixteen patents which Westinghouse asserted Crosley had infringed were neither valid nor infringed. On August 1, 1941, Westinghouse filed three suits in the District Court for the Southern District of Ohio in which it sought to have the same sixteen patents declared valid and infringed by Crosley. A few days later it brought suit in Ohio on two other patents which were not involved in the declaratory suit in Pennsylvania.

Both parties presented motions in the declaratory suit in the court below. Westinghouse, on November 24, 1941, moved to dismiss the declaratory suit or in the alternative that the proceeding be stayed pending disposition of the infringement suits in Ohio. Crosley, on November 26, 1941, moved to enjoin the prosecution of the Ohio suits. The Court denied Crosley's motion for an injunction. It also denied Westinghouse's motion to dismiss but ordered that the cause be removed from the trial list pending disposition of the infringement suits in Ohio with leave to Crosley to apply for restoration of the declaratory suit to the list in the event of undue delay on the part of Westinghouse in the prosecution of the infringement suits. Crosley has appealed from the order denying the injunction and urges that under the rule laid down by this court in Crosley Corporation v. Hazeltine Corporation, 3 Cir., 1941, 122 F.2d 925, certiorari denied 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. ——, and reiterated in Triangle Conduit & Cable Co. v. National Electric Products Corporation, 3 Cir., 1942, 125 F.2d 1008, certiorari denied 316 U.S. 676, 62 S.Ct. 1046, 86 L.Ed. ——, it was the duty of the court to enjoin the prosecution of the suits in Ohio pending the decision of the declaratory judgment action.

In the cases cited we held that the district court first obtaining jurisdiction of the parties and issues in a patent cause on a complaint seeking declaratory relief should ordinarily proceed to adjudicate the controversy and should restrain the parties from seeking in the interim in a later suit in another district court to duplicate that adjudication. The reasons for the rule are fully stated in our opinion in Crosley Corporation v. Hazeltine Corporation, supra, and need not be repeated here. Suffice it to say that we think them just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits. Since the court below took jurisdiction of the declaratory suit before the infringement suits were filed in the district court in Ohio, even though but one day intervened, it became its duty to proceed to adjudicate the issues between the parties and meanwhile to enjoin them from proceeding further in the Ohio suits.

We do not overlook the fact that the jurisdiction of the district court under the Declaratory Judgment Act, 28 U.S.C.A. § 400, is discretionary. Brillhart v. Excess Ins. Co. of America, 1942, 62 S.Ct. 1173, 86 L.Ed. ——. However, this is a legal discretion which must not be exercised arbitrarily but rather in accordance with fixed principles of law. United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 1939, 102 F.2d 288; Samuel Goldwyn, Inc., v. United Artists Corporation, 3 Cir., 1940, 113 F.2d 703. When the suit seeks a declaration of patent invalidity and noninfringement it is obvious that the delicate situation which may result from the conflicting jurisdiction of state and federal courts cannot arise. Consequently the necessity for the discretionary withholding of declaratory relief in the interest of comity between state and federal courts is not present. In patent cases, therefore, the district courts may decline jurisdiction of a suit brought in good faith to obtain declaratory relief only if it appears that the same parties and issues are involved in another suit previously begun or that in another suit subsequently begun involving the same parties and issues the questions in controversy between the parties can be better settled and the relief sought by them more expeditiously and effectively afforded than in the declaratory proceeding.

The court below in its opinion stated that the natural place for the trial of the present patent controversy was the Southern District of Ohio. It did not, however, determine that all the relief sought by the par-

ties could be afforded them more expeditiously and effectively in the suits brought in that district than in the declaratory proceeding pending before it. Nor did the court find that the declaratory suit was not brought in good faith for the purpose of securing the relief prayed for. Indeed the action which the court did take necessarily involved implied findings to the contrary. For its action in retaining jurisdiction so as to be in a position to exercise control over the defendant in the event that the latter unduly delayed prosecution of the infringement suits in the court in Ohio was an exercise of its discretion in favor of retaining jurisdiction to grant declaratory relief. It is clear from what has been said that this was a proper exercise of discretion on the part of the court below but that the court erred in refusing to enjoin the prosecution of the infringement suits in the Southern District of Ohio pending the determination of the declaratory action and in ordering the latter action off the trial list.

The order of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

### On Petition for Rehearing.

Before BIGGS, MARIS, JONES, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

█ Westinghouse has petitioned for rehearing for reasons which, with but one exception, were advanced by it upon the original argument and considered by us at that time. The one reason assigned which has novelty is based upon the assumption that a declaratory judgment suit may be brought against a patent owner wherever he may be found for purposes of service and that such an unrestricted choice of venue made available to an alleged infringer may lead to abuses as serious as those which the Declaratory Judgment Act, 28 U.S.C.A. § 400, has eliminated. Apparently the petitioner considers this an argument against the allowance of declaratory judgment suits and in favor of infringement suits. The de-

claratory judgment suit procedure as applied to patent litigation is now too well established to permit of such attack as this, however. Furthermore, the petitioner's argument fails because the premise upon which it is based, namely, that a declaratory judgment suit may be brought against a patent owner wherever he may be found, is wholly incorrect.

The venue of a patent infringement suit is governed exclusively by Section 48 of the Judicial Code, 28 U.S.C.A. § 109; Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. Under this section such a suit may be brought in any district in which the defendant, whether an individual or a corporation, "shall have committed acts of infringement and have a regular and established place of business." A patent declaratory judgment suit on the other hand is governed by the provisions of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, under which the suit may be brought only in the district of which the defendant is an inhabitant. It is true that the Supreme Court has held in Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L. Ed. 167, 128 A.L.R. 1437, that the designation by a foreign corporation of an agent for the service of process in a particular state amounts to a consent to be sued in the federal district court in that state. This, however, would only enlarge the venue of suits against a corporate patent owner and then only to states in which it had appointed a local agent for service of process.

The fact that declaratory judgment suits can only be brought in the home district of a patent owner or, in the case of a corporate owner, in those foreign states only in which it has made arrangements to be served with process, clearly negatives the petitioner's assertion that the venue of such suits is very much wider than that permitted to patent infringement suits by Section 48 under which, as we have seen, the latter suits may be brought not only in the district of which the defendant is an inhabitant but also in any other district in which the defendant has committed acts of infringement and has a regular place of business.

The petition for rehearing is denied.