## MONROE CALCULATING MACH. CO. v. MARCHANT CALCULATING MACH. CO.

No. 2671.

District Court, E. D. Pennsylvania.

Oct. 6, 1942.

George F. Scull and John F. Ryan, both of New York City, for plaintiff.

Lyon & Lyon, of Los Angeles, Cal., and Howson & Howson, of Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

The plaintiff filed this complaint asking for a declaratory judgment determining that a number of the patents belonging to the defendant are invalid or if valid are not infringed by certain machines made and sold by the plaintiff. There is also a motion for a preliminary injunction restraining the defendant from prosecuting an action for patent infringement in California begun by the defendant after the commencement of the declaratory judgment action. The defendant has moved to quash the writ of summons for want of venue jurisdiction and to dismiss the complaint for want of equity. The facts developed by the pleadings and affidavits are as follows:

The parties were until recently the only corporations manufacturing calculating machines of the type covered by the patents and have been for at least fifteen years competitors in the field. There has been a good deal of patent litigation between them as well as disputes relating to patent rights which did not actually produce lawsuits.

The plaintiff is a Delaware corporation with its manufacturing plant in New Jersey. The defendant is a California corporation with its plant in California. It has registered to do business in Pennsylvania and, in accordance with the Pennsylvania

statute, has designated the Secretary of the Commonwealth of Pennsylvania as its agent for service of process. The subject matter of the present suit does not arise out of any transaction or business of the defendant in Pennsylvania.

In March, 1940, the defendant's patent attorney notified the plaintiff's attorney of its claim that the plaintiff was infringing the patents in suit, whereupon the plaintiff's attorney requested the defendant not to bring suit until he had had sufficient time to study the charge. Between that time and July, 1942, there was an interchange of letters between the two attorneys. Though I do not think it material, I find that the defendant was induced to withhold suit for infringement by a belief, reasonably based upon statements and letters of the plaintiff's attorney, that all litigation by either party would be held in abeyance until a definite answer was received from the plaintiff's attorney as to the position which it would take in respect to the charge of infringement. With matters in this shape the plaintiff, without advance notice to the defendant, brought this action. The defendant followed with an infringement suit in California against a' corporation of the same name as the plaintiff—a wholly owned subsidiary, and for all purposes of this decision identical with it.

The defendant, recognizing the force of the decision of the Supreme Court in *Neirbo v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, seeks to take this case out of the scope of the rule there stated by the fact that federal jurisdiction—that is, the power of the Federal Courts to adjudicate—in this case depends upon the controversy having arisen under the patent laws whereas in the Neirbo case it arose from diversity of citizenship. It is true that the Supreme Court has not yet held that the appointment by a foreign corporation of an agent for service of process amounts to a consent to be sued upon an issue having to do with questions of validity and infringement of a patent and having nothing to do with state law. This, however, does not seem to me to be a sufficient basis on which to ground a distinction. As was pointed out by Judge Chesnut in *Vogel v. Crown Cork & Seal*, D.C., 36 F.Supp. 74, 75, "The question is purely one of a deducible inference of fact, that is, whether the consent to be sued as expressed in the defendant's compliance

with the Maryland [in this case' Pennsylvania] foreign corporation law * * * is a consent to be sued in the federal district court for Maryland as well as in the Maryland state courts." There is nothing in the opinion of the Neirbo case which indicates that a party may not waive venue jurisdiction in a patent case in exactly the same way as he may waive jurisdiction based upon diversity of citizenship. The only question is whether this defendant has done so.

This brings us to a consideration of the Pennsylvania statute. It provides that, in order to obtain the right to do business in Pennsylvania, a foreign corporation must designate the Secretary of the Commonwealth as its agent upon whom "all lawful processes in any action or proceeding against it may be served." 15 P.S.Pa. § 3142. This the defendant did. Certain subsequent provisions of the Pennsylvania statute which refer to the authority for such service of process remaining in force as long as any liability remains outstanding against the corporation *in the Commonwealth*, clearly have 'to do only with' the situation which arises when the corporation either surrenders its right to do business in Pennsylvania or has it revoked. In such case a distinction is made between liabilities incurred in Pennsylvania and others, the corporation's consent to be sued being extended beyond its business life in Pennsylvania as to the former only. This Court therefore has jurisdiction of the action.

The defendant further contends that this Court should exercise such discretion as it has to refuse to entertain the suit because, as the defendant contends, the plaintiff's conduct in bringing the suit after lulling the defendant into inaction by its request for time to examine the issue amounts to coming into court with unclean hands. This contention is fully answered by the Circuit Court of Appeals, Third Circuit, in *Creamery Package Mfg. Co. v. Cherry-Burrell Corp.*, 115 F.2d 980, 983. In that case, it is true, the Circuit Court of Appeals found that, in view of the arm's-length and hostile attitude of the parties toward one another, their correspondence could not have produced any false sense of security in the mind of the defendant. But the Court went further and said, "Furthermore it is clear that, even if the defendants could have been misled by the tone of the plaintiff's re-

plies, they have not been deprived of any rights. The same parties, the same issues, the same legal principles are involved in the Delaware declaratory judgment action as in the Illinois infringement suit. The defendants are not entitled as of right to an adjudication of the issues by the District Court of Illinois rather than the District Court of Delaware." Whether this be taken as dictum or as an alternative ground for the decision, it is a plain statement of the view which the Circuit Court of Appeals takes upon the exact point of law involved here. Whatever interpretation be placed upon the plaintiff's letters and conduct they, at most, deprived the defendant of a choice of federal courts in which to litigate the same questions that are here presented.

The defendant's motion to dismiss the complaint is therefore denied.

The preliminary injunction will be granted. The law upon this point was fully declared by the Circuit Court of Appeals of the Third Circuit in Crosley Corp. v. Hazeltine Corp., 122 F.2d 925; Triangle Conduit & Cable Co. v. National Electric Products Corp., 125 F.2d 1008, and Crosley Corp. v. Westinghouse Electric & Mfg. Co., 130 F.2d 474, decided July 1942. Inasmuch as it appears that the suit in California is to all practical intents and purposes against this plaintiff, its further prosecution will be enjoined.

Orders in accordance with the foregoing opinion may be submitted.