AMERICAN BLOWER CORPORATION v. B. F. STURTEVANT CO.

District Court, S. D. New York.
July 20, 1945.

Toulmin & Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., and R. A. Greer, both of Dayton, Ohio, and Frederick S. Duncan, of New York City, of counsel), for plaintiff.

Howson & Howson and W. F. Sonnekalb, Jr., both of New York City (Harry Dexter Peck, of Providence, R. I., and Melvin R. Jenney, of Boston, Mass., of counsel), for defendant.

CONGER, District Judge.

Defendant appears specially and has moved to quash service of process herein and to dismiss the complaint for lack of proper venue in the proceedings and for insufficiency of service.

It appears from the complaint and the motion papers that plaintiff is a Delaware corporation, having its principal office in Detroit, Michigan; that defendant is a Massachusetts corporation. Both parties are nonresidents of the State of New York. It is asserted by the plaintiff and not denied by the defendant, that defendant maintains a regular and established place of business in the City of New York, within the jurisdiction of this Court and that it has obtained a license to do business in the State of New York pursuant to the New York General Corporation Law, Consol.Laws N.Y. c. 23, and in accordance therewith designated the Secretary of State of the State of New York as its agent to receive process in New York.

■ Service of process herein was made upon the Secretary of State and upon Raymond H. Keith in New York City, designated as resident manager of defendant. There seems to be no question but that service upon the Secretary of State complied with the requirements of the General Corporation Law.

This is a suit by plaintiff for judgment that defendant's patents be declared invalid and that the "machines of the plaintiff do not infringe either one of such patents."

As the complaint states, this is an action in equity, also a suit arising under the Federal Declaratory Judgment Act, 28 U. S.C.A. § 400, and under the patent laws of the United States.

■ While this is an action commonly termed a Declaratory Judgment action, it arises out of a controversy over the validity of two patents. There can be no question that this controversy is one arising under the patent laws. The Declaratory Judgment Act does not create new substantive rights or legal relationships, but adds to previous remedies, an additional one for relief in the form of a judgment declaratory in cases of actual controversy. Prior to the passage of this Act no one had a right under the patent laws to sue for affirmative relief that another's patent was invalid or was not infringed. Still it has been held and now is well established that an action of this nature is essentially an action ensuing under the patent laws. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852.

The Federal Court has exclusive jurisdiction of the subject matter of this litigation. 28 U.S.C.A. § 41(7).

Defendant, therefore, argues that inasmuch as this is an action under the patent laws, the provision of the Federal Law as to venue of patent suits as set forth in 48 of the Judicial Code, 28 U.S.C.A. § 109, must apply here.

■ There is now no question but that Section 48 of the Judicial Code is the sole provision for and governs the venue of patent infringement litigations. Stonite Products Co. v. Melvin Lloyd Co. 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

As the Court said in the above case: "Section 48 gives jurisdiction of suits for patent infringement to the United States district courts in the district of which the defendant is an inhabitant or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business."

If this action may be classed as a patent infringement action, then defendant must be successful here. Even if it be assumed that defendant has a regular and established place of business in New York, it cannot be charged with any act of infringement here, since it is the owner of the patents. Defendant, therefore, argues that under Section 48 this suit should have been brought "in the district of which the defendant is an inhabitant" (Massachusetts).

There is another section of the Judicial Code to be considered, namely, Section 51, 28 U.S.C.A. § 112.

This section fixes the venue generally of suits in district courts. The pertinent part reads as follows:

"* * * No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of residence of either the plaintiff or the defendant; * * *."

Even under this section with nothing else disclosed except that the parties are citizens of different states and that neither are residents of the district, the venue requirement is not satisfied.

As I view it, however, it is necessary for the reasons set forth hereafter to first determine which of these venue sections applies here.

■ I am satisfied that the venue of a declaratory judgment action of this type is fixed by Section 51 of the Judicial Code. Borchard on Declaratory Judgment, Second Edition Page 822; Automotive Equipment, Inc. v. Trico Products Corporation, Inc., D.C., 10 F.Supp. 736; Crosley Corporation v. Westinghouse Electric & Manufacturing Co., 3 Cir., 130 F.2d 474; E. I. DuPont De Nemours & Co. v. Byrnes, 2 Cir., 101 F.2d 14.

Having thus determined that the venue of this case is governed by Section 51 of the Judicial Code, I am satisfied that the holding in Neirbo Co. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, solves this question.

Pursuant to the Corporation Law of the State of New York the defendant in order to do business in the State of New York has filed with the Secretary of State a certificate designating that officer as a person upon whom process might be served within the State of New York as to any cause of action in any court in this State.

■ By so doing defendant has waived the venue privilege, which it might have otherwise had, not to be sued in this court in this action. Neirbo Co. v. Bethlehem Shipbuilding Corporation, supra.

Recently there has been a trend toward allowing state law to govern jurisdiction and venue over foreign corporations and this trend reached its furthest step in the Neirbo case. Cohen et al. v. American Window Glass Co., 2 Cir., 126 F.2d 111.

In the Neirbo case, the court was passing on a question of venue (as here) under Section 51 of the Judicial Code. In that case venue was also asserted against the defendant, a foreign corporation, because it had filed (as here) a certificate designating a person upon whom a summons might be served in the State of New York.

The Supreme Court in the Neirbo case [308 U.S. 165, 60 S.Ct. 155] held that Section 51 "merely accords to the defendant a personal privilege respecting the venue, or place of suit, which he may assert, or may waive, at his election, Commercial Casualty Ins. Co. v. Consolidated Stone Co., 278 U.S. 177, 49 S.Ct. 98, 73 L.Ed. 252," and accordingly it found that the filing of such a certificate as we have here constituted such a waiver. The court further said: " 'The stipulation is therefore a true contract. The person designated is a true agent. The consent that he shall represent the corporation is a real consent. He is made the person "upon whom process against the corporation may be served." * * * The contract deals with jurisdiction of the person. It does not enlarge or diminish jurisdiction of the subject-matter. It means that, whenever jurisdiction of the subject-matter is present, service on the agent shall give jurisdiction of the person.' Bagdon v. Philadelphia & Reading Coal & Iron Co., 217 N.Y. 432, 436, 437, 111 N.E. 1075, 1076, L.R.A.1916F, 407, Ann.Cas.1918A, 389."

Defendant urges that the Neirbo case refers only to diversity cases in which both the State and Federal Courts had jurisdiction of the subject matter and that it does not apply to cases where jurisdiction of the subject matter is solely in the Federal Court. A reading of the case convinces me that the Supreme Court made no such distinction between the two classes of cases and intended to make none. See Crosley Corporation v. Westinghouse, supra; Monroe Calculating Mach. Co. v. Marchant Machine Co., D.C., 48 F.Supp. 84.

Plaintiff urges that by complying with the General Corporation Law of the State of New York in appointing the Secretary of State as its agent for the acceptance of process in actions in this state, defendant has waived venue; that it makes no difference as to which venue section applies; that even if the venue hereby governed by Section 48, the filing of the certificate with the Secretary of State still constituted a waiver of the venue privilege. By reason of Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, I am not prepared to go that far.

■ Defendant now raises this last issue, i. e. whether or not a state law can compel a waiver of venue in a suit where a federal court has exclusive jurisdiction. I think it can, particularly with the situation we have here. I think the Neirbo case, supra, is a complete answer to this issue. I have decided that venue in this case is governed by Section 51. The court in the Neirbo case was construing the same section in connection with the same New York state law, and stated: "A statute calling for such a designation is constitutional, and the designation of the agent 'a voluntary act.' "

Feeling as I do that the Neirbo case is a complete answer to this contention of defendant, I see no need for discussing this point further. See also Bagdon v. Philadelphia & Reading Coal & Iron Co., supra.

Motion of defendant denied.

Settle order on five days' notice.