**POMERANTZ et al. v. JEAN VIVAUDOU CO., Inc., et al.**

District Court, S. D. New York.

March 6, 1946.

John P. Chandler, of New York City, for plaintiffs.

Wegman, Spark, Hoffman & Burke, of New York City (Eli M. Spark, of New York City, of counsel), for defendants.

CONGER, District Judge.

Various claims for relief are submitted for consideration here.

The defendants move to dismiss the complaint upon the ground that this court does not have jurisdiction of the subject matter therein; alternatively, they request an order requiring plaintiffs to state and number separately the causes of action alleged, and also striking certain portions of the complaint.

The plaintiffs move for a limited examination of the defendant, Henry G. Lubin.

The action is one for a declaratory judgment in connection with a patent, or patents, and for unfair competition. The jurisdiction of this court depends upon the provisions of the Revised Statutes of the United States, particularly § 274d of the Judicial Code, 28 U.S.C.A. § 400, upon a cause of action for a declaratory judgment arising from an actual controversy between plaintiffs and defendants as to the validity and the alleged infringement by plaintiffs of United States Letters Patent No. 2,215,-988, which issued on September 24, 1940, on "Covered Sachet Balls", to the defendants, Jean E. Vivaudou and Henry G. Lubin, which patent is, upon information and belief, presently owned by said defendants, Jean E. Vivaudou and Henry G. Lubin, and is under license to the defendants, Jean Vivaudou Co., Inc., and De Marsay, Inc.

It appears that the parties are manufacturers and sellers of an item generally used by the feminine sex to perfume wearing apparel and known as a "sachet ball." It is placed in a closet or drawer and gives off a pleasant odor which permeates the articles therein.

The individual defendants claim ownership of a large number of patents and design patents covering various sachet items,

although only one, No. 2,215,988, is specifically adverted to in the papers before me. The plaintiffs have no patents.

The complaint alleges that the defendants, since the issuance of Letters Patent No. 2,215,988, have claimed and asserted to plaintiffs, to the trade, and to the general public that the sachet balls manufactured and/or sold by plaintiffs are an infringement of one or more Letters Patent owned by, or under license to, the defendants, and that, upon information and belief, the said Letters Patent No. 2,215,988 are the Letters Patent referred to by the defendants; and the plaintiffs beg leave to insert by way of amendment the numbers of such other Letters Patent, if any there be, which defendants assert plaintiffs are infringing; that the said Letters Patent No. 2,215,988 are void and invalid, and that the defendants have competed unfairly with plaintiffs and have commenced an action for unfair competition against plaintiffs in the Supreme Court of New York, "which is a thinly disguised action for patent infringement", all to the great and irreparable damage to the plaintiffs.

The relief requested includes a declaration of invalidity of No. 2,215,988, noninfringement, an injunction, a declaration of plaintiffs' right to continue their business free from interference by the defendants, damages, and other appropriate relief.

The defendants attack the propriety of the complaint, first, in its declaratory judgment aspect. They contend that no "actual controversy" within the meaning of § 274d of the Judicial Code, 28 U.S.C.A. § 400, is present in that they have never charged plaintiffs with infringement of any patents, that they themselves do not manufacture or sell any sachet device based upon Letters Patent No. 2,215,988, and that the plaintiffs do not do so; and consequently plaintiffs have not and are not infringing said patent.

It does appear from an exhibit annexed to the affidavit submitted by plaintiffs that there is a controversy between plaintiffs and defendants. This is shown by the letter of July 19, 1945 written by the attorneys for the defendant to some of the plaintiffs. The letter does state that unless plaintiffs immediately arrange to discontinue the manufacture, distribution and sale of "such sachet balls * * * we shall be obliged to proceed with appropriate legal action fully to enforce and protect our clients' legal rights * * *." In a previous paragraph in the letter there is this: " * * * the sole and exclusive rights therein belong to our clients, both under covering patents and under the law of unfair competition."

A reading of the letter would indicate that these defendants intended to start an action for patent infringement or an action for unfair competition, or both. The fact that defendants commenced an action for unfair competition in the State Court does not warrant the conclusion that there never was a controversy over patents between these parties. The letter clearly indicates the contrary.

However, I am satisfied that the papers fail to show a controversy over this particular patent. I am not prepared to state that plaintiffs would be in a better position had they alleged that there was an actual controversy existing between plaintiffs and defendants as to the validity and infringement by plaintiffs of certain United States Letters Patent on covered sachet balls issued to defendant Jean E. Vivaudou and Henry G. Lubin, present owners, the date of issue and the number of which at this time being unknown to plaintiffs.

I am satisfied, however, that plaintiffs may not do what they have attempted to do. They have picked out a certain patent which a cursory search of the patent office indicates was the only one owned by the individual defendants on covered sachet balls.

With this complaint as a base they hope to start out on a fishing expedition to ascertain which patent or patents defendants had in mind as being infringed by plaintiffs.

The complaint must stand or fall on its own merits. It may not be used to search out and discover a cause of action.

Defendants assert and also by affidavit swear that they do not manufacture or

sell any sachet device based upon, or constructed in accordance with Patent No. 2,215,988 and that neither do the plaintiffs, and further that they never have and do not now accuse the plaintiffs of infringement of said patent.

In suits asking for declaratory judgment, it is fundamental that the granting or refusing of relief rests in the sound discretion of the court. The determination may not be arbitrary but rather must be based upon fixed principles of law. Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546; Tennessee Coal & Iron Co. v. Muscoda Local No. 123, 5 Cir., 137 F.2d 176, affirmed 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed., 949, 152 A.L.R. 1014, rehearing denied 322 U.S. 771, 64 S.Ct. 1257, 88 L.Ed. 1596.

I am mindful that the declaratory judgment statute should be given a liberal construction, but I find it impossible to hold that there is here an "actual controversy" arising under the patent laws of the United States based on a controversy arising out of and concerning patent No. 2,215,988.

There being no independent grounds for jurisdiction, the entire complaint must be dismissed and it is unnecessary to decide the remaining issues.

Settle order on notice.