### AMERICAN CHEMICAL PAINT CO. v. DOW CHEMICAL CO.
### No. 10375.

Circuit Court of Appeals, Sixth Circuit
May 26, 1947.

Charles W. Rivise and Abraham D. Caesar, both of Philadelphia, Pa. (Robert S. Marx and Nichols, Wood, Marx & Ginter, all of Cincinnati, Ohio, Caesar & Rivise, C. W. Rivise and A. D. Caesar, all of Philadelphia, Pa., and Alan N. Brown, of Detroit, Mich., on the brief), for appellant.

Bernard A. Schroeder, of Chicago, Ill. (Bernard A. Schroeder, Charles J. Merriam, and Chritton, Schroeder, Merriam & Hofgren, all of Chicago, Ill., Calvin A. Campbell and Donald L. Conner, both of Midland, Mich., and Harness, Dickey & Pierce, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

This appeal involves the question of venue in a Declaratory Judgment suit attacking the validity of a patent owned by the defendant-appellant.

The appellant, defendant below, is a Delaware corporation with its principal office at Ambler, Pennsylvania. It is licensed to do business in the State of Michigan and had appointed a registered agent in the State of Michigan to accept service of process. It has commercialized a chemical weed-killer made in accordance with Jones Patent No. 2,390,941 for Methods and Compositions for Killing Weeds. The appellee, plaintiff below, is a Michigan corporation and is engaged in the manufacture and sale of a weed-killer compound, which appellant claims to be an infringement. Under date of April 26, 1946, appellant's counsel mailed a letter from Philadelphia, Pennsylvania, to the appellee at Midland, Michigan, giving them notice of its ownership of the Jones patent and the appellee's infringement thereof and calling upon the appellee to cease the acts of in-

fringement. Following an exchange of letters, the appellee on May 28, 1946 filed this action against appellant in the United States District Court for the Eastern District of Michigan seeking a declaratory judgment that Patent No. 2,390,941 was invalid, that no valid claim thereof was infringed by appellee or its customers, and that the court enjoin the appellant from annoying or intimidating the appellee or its customers and from bringing suit against the appellee or its customers by reason of said patent. The complaint alleged that an actual controversy existed between the parties concerning the validity of the patent, and that the patent was invalid for several reasons therein stated. It also alleged diversity of citizenship between the parties, that the amount of the controversy exceeded $3,000 and that the appellant was threatening appellee's customers with infringement suits, which were unfounded but which threatened to create irreparable damage to the appellee. The appellant moved to dismiss the action on the ground that the venue was improper. On June 10, 1946, the appellant filed a civil action against the appellee in the U. S. District Court for the Southern District of New York charging infringement by the appellee of the Jones patent and praying for an injunction against further infringement and an accounting for profits and damages. On June 22, 1946, the appellee moved in the present suit that the appellant be enjoined from prosecuting the New York suit and that it file a consent to a stay of proceedings in that case. On July 11, 1946, the District Judge entered an order denying appellant's motion to dismiss the action, and also entered a second order enjoining the appellant from prosecuting the New York action pending final disposition of this case and directing it to sign and forward to New York within two days a consent to a stay of proceedings in that case. The present appeal is from both orders.

■ The order overruling appellant's motion to dismiss the action for improper venue is interlocutory and not an appealable order if considered alone. But this Court has jurisdiction of the appeal from the interlocutory injunction by virtue of §

227, Title 28 U.S.C.A. On such an appeal the reviewing court has the power to also review the order refusing to dismiss the complaint. Deckert v. Independence Shares Corporation, 311 U.S. 282, 287, 61 S.Ct. 229, 85 L.Ed. 189; General Electric Company v. Marvel Company, 287 U.S. 430, 433, 53 S.Ct. 202, 77 L.Ed. 408; Gatliff Coal Company v. Cox, 6 Cir., 142 F.2d 876, 879.

The parties agree that a suit for declaratory judgment involving the validity and infringement of a patent is one arising under the patent laws, thus conferring jurisdiction on the District Court under § 24(7) of the Judicial Code. § 41(7), Title 28 U.S.C.A. The rule appears well settled. E. W. Bliss Co. v. Cold Metal Process Company, 6 Cir., 102 F.2d 105; Edelman & Company v. Triple-A Specialty Company, 7 Cir., 88 F.2d 852, certiorari denied 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; E. I. Du Pont de Nemours v. Byrnes, 2 Cir., 101 F.2d 14; Crosley Corporation v. Westinghouse Electric & Mfg. Company, 3 Cir., 130 F.2d 474. Proper venue is the question in issue.

■ The Federal Declaratory Judgment Act, § 400, Title 28 U.S.C.A., is merely a procedural statute which provides an additional remedy for use in those controversies of which the district courts already have jurisdiction. Venue, as well as jurisdiction, must be found in some other statute. Appellant claims that venue in the present case is controlled by § 48 of the Judicial Code, § 109, Title 28 U.S.C.A., which provides: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business."

Section 48 is the exclusive provision controlling venue in patent infringement suits. Stonite Products Company v. Melvin Lloyd Company, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. Since the defendant-appellant, as the owner of the patent, did not commit any act of infringement, this

section, if applicable, would limit the bringing of the action to the district of which the appellant was an inhabitant. The appellant, a Delaware corporation, is not an inhabitant of the Eastern District of Michigan. If the present action is a patent infringement suit, the venue is improper unless it has been waived by the appellant. Although appellant appointed a registered agent in the State of Michigan to accept service of process, this would not constitute a waiver of venue in a suit brought under Section 48. The rule in Neirbo Company v. Bethlehem Ship Building Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, in which it was held that the designation by a foreign corporation of an agent for service of process was a waiver of the venue provisions applicable in that case, applies to suits based on diversity of citizenship, and is not applicable to a suit brought for the infringement of a patent, where venue is controlled by Section 48. Blaw-Knox Company v. Lederle, 6 Cir., 151 F.2d 973. See also Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, 547; Carbide & Carbon C. Corporation v. United States I. Chemicals, 4 Cir., 140 F.2d 47, 50.

However, we agree with the appellee that the present action is not a suit "brought for the infringement of letters patent" as provided by Section 48. Although the validity of a patent is involved, the action is not one brought by the owner of the patent, nor one brought for the infringement of the patent. On the contrary, the action is a declaratory judgment suit, specifically provided for by a separate statutory provision, and was brought to have the patent declared invalid instead of seeking damages for any infringement. The plain wording of the statute does not bring the present action within its scope. Its purpose was to protect an alleged infringer from being brought into a foreign court. General Electric Company v. Marvel Company, supra, 287 U.S. 430 at page 435, 53 S.Ct. 202, 77 L.Ed. 408; see also Stonite Products Company v. Melvin Lloyd Company, supra. Since Section 48 is not

applicable, it follows that the venue is controlled by Section 51 of the Judicial Code, § 112, Title 28 U.S.C.A., which is the statute applicable to venue in civil suits generally. It has been so held in several circuits. Webster Company v. Society for Visual Education, Inc., 7 Cir., 83 F.2d 47; E. I. du Pont de Nemours v. Byrnes, supra, 2 Cir.; Crosley Corporation v. Westinghouse Electric & Mfg. Company, supra. See also American Blower Corporation v. B. F. Sturtevant Company, D.C.S.D.,N.Y., 61 F.Supp. 756

Under Section 51 of the Judicial Code, with certain exceptions not material here, "* * * no civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." The last quoted provision permitting suit in the district of the residence of either the plaintiff or the defendant is restricted to cases where jurisdiction is founded on diversity of citizenship alone. Where jurisdiction also exists for other reasons, the provision is not applicable and the action must be brought in the district of which the defendant is an inhabitant. Macon Grocery Company v. Atlantic Coast Line, 215 U.S. 501, 30 S.Ct. 184, 54 L.Ed. 300; Branic v. Wheeling Steel Corporation, 3 Cir., 152 F.2d 887; City of Memphis v. Board of Directors, D. C.W.D.Tenn., 228 F. 802. Although the petition in the present case alleges diversity of citizenship and more than $3,000 involved in controversy, yet that is not the sole ground of jurisdiction as the petition also alleges a cause of action arising under the patent laws of the United States.

Appellee contends that although the appellant is not an inhabitant of the Eastern District of Michigan, yet it waived venue under § 51 by registering its agent for service of process in Michigan; that although this Court held in Blaw-Knox Company v. Lederle, supra, that the venue under § 48 was not waived under the rule

in the Neirbo case by such registration, yet such registration does constitute a waiver under that rule when § 51 is involved. Section 51 was the section involved in the Neirbo case. But § 51, as pointed out above, contains two separate provisions, one dealing with venue generally, and the other dealing exclusively with venue in diversity of citizenship cases. The Neirbo case was a diversity of citizenship case; the present case is not. Some of the language in the opinion in the Neirbo case might indicate the announcement of a rule applicable to all suits in the U. S. District Courts. It was so construed in Crosley Corporation v. Westinghouse Electric & Mfg. Co., supra, 3 Cir., 130 F.2d 474 at page 476; American Blower Corporation v. B. F. Sturtevant Co., supra, D.C., 61 F. Supp. 756 at page 759. See also Monroe Calculating Machine Co. v. Marchant Calculating Machine Co., D.C., 48 F.Supp. 84. But the case itself goes no further than to apply the rule to a diversity of citizenship case, and the opinion, in explaining the ruling, specifically refers to federal courts having jurisdiction "concurrent with the courts of the several states," and states that "The consent, therefore, extends to any court sitting in the state which applies the laws of the state." [308 U.S. 165, 60 S.Ct. 156.] Our previous ruling in Blaw-Knox Co. v. Lederle, supra, is based on the proposition that the Neirbo rule is limited to diversity of citizenship cases. While § 48 was there involved, yet it had been held in General Electric Co. v. Marvel Rare Metals Co., supra, 287 U.S. 430, at page 435, 53 S.Ct. 202, 77 L.Ed. 408, that § 48, like § 51, is merely a venue statute, and like all venue statutes can be waived. The Neirbo rule would have been applicable in that case, if it had not been limited to diversity of citizenship cases. See also Bulldog Electric Products Co. v. Cole Electric Products Company, supra, 2 Cir., 134 F.2d 545 at page 547; Carbide & Carbon Chemical Corporation v. United States I. Chemicals, supra, 4 Cir., 140 F.2d 47 at page 50. In accord with our ruling in the Blaw-Knox case, we hold that appellant, by registering its agent for service of process in Michigan, did not waive its right to insist on venue as provided by § 51. Nor did the mailing of letters from its office in Pennsylvania constitute such a waiver. Webster Company v. Society for Visual Education, Inc., supra.

The orders of the District Court granting the interlocutory injunction and denying appellant's motion to dismiss the action are reversed, and the action is remanded to the district court for further proceedings in accordance with these rulings. This disposition of the case makes it unnecessary to pass upon appellant's petition for a Writ of Prohibition.