## AMERICAN CHEMICAL PAINT CO. v. DOW CHEMICAL CO.

### No. 10375.

Circuit Court of Appeals, Sixth Circuit.

Nov. 17, 1947.

For prior opinion see 161 F.2d 956.

Charles W. Rivise and Abraham D. Caesar, both of Philadelphia, Pa. (Robert S. Marx and Nichols, Wood, Marx & Ginter, all of Cincinnati, Ohio, Caesar & Rivise, C. W. Rivise, and A. D. Caesar, all of Philadelphia, Pa., and Alan N. Brown, of Detroit, Mich., on the brief), for appellant.

Bernard A. Schroeder, of Chicago, Ill. (Bernard A. Schroeder, Charles J. Merriam, and Chritton, Schroeder, Merriam & Hofgren, all of Chicago, Ill., Calvin A. Campbell and Donald L. Conner, both of Midland, Mich., and Harness, Dickey & Pierce, of Detroit, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

In our original opinion in this case, reported at 6 Cir., 161 F.2d 956, to which reference is made for a statement of the facts, we held that the venue of the action, controlled by Section 51 of the Judicial Code, 28 U.S.C.A. § 112, was improper and that the ruling in Neirbo Com-

pany v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, dealing with waiver of venue, was not applicable. Appellee contends in its petition for rehearing that appellant waived the question of improper venue by the admission of its counsel in his oral argument during the trial of this action in the District Court that if the action was controlled by Section 51 of the Judicial Code, instead of by Section 48, 28 U.S.C.A. § 109, as then claimed by him, the ruling in the Neirbo case would apply. The argument referred to was not a part of the original transcript of record when this appeal was considered, due to the fact that the parties stipulated in preparing the record on appeal that it be omitted. In view of appellee's reliance upon this oral waiver, an order was entered by this Court, subsequent to our decision and opinion in the case, that said oral argument appeared material to the disposition of this appeal and that "pursuant to the provisions of Rule 75(h), Rules of Civil Procedure [28 U.S.C.A. following section 723c]," a supplemental record containing a transcript of the argument be certified and transmitted by the Clerk of the District Court to the Clerk of this Court. Such supplemental record is now before us and discloses that appellant's counsel conceded in his argument to the District Judge that if the action was controlled by Section 51 of the Judicial Code the Neirbo case applied and the question of venue was waived. Appellant now contends, however, that this supplemental record is not properly before this Court, and in any event such an admission or waiver is not controlling. It is pointed out that Rule 75(h) permits the Appellate Court to order a supplemental record if anything material to either party "is omitted from the record on appeal by error or accident or is misstated therein," and that none of those conditions exist in that the omission of the transcript of argument was deliberate and by agreement. We believe that the rule is broad enough to cover a case of this kind, and that when the parties, acting in good faith in an attempt to eliminate portions of the record erroneously believed at the time to be ir-

relevant, have omitted a portion of the record considered by the appellate court to be material to a proper disposition of the appeal, the Court may direct that the omitted portion be supplied in order to make a proper disposition of the question presented. Compare Drybrough v. Ware, 6 Cir., 111 F.2d 548, 550. However, we are of the further opinion that the alleged waiver, as shown by the supplemental record, is not effective. A stipulation by counsel made for the purpose of expediting the trial of an action, relating to facts or procedure, is usually binding on the litigant whom he represents; but the Court is not controlled or bound by the agreement of counsel on a question of law. Estate of Sanford v. Commissioner, 308 U.S. 39, 51, 60 S.Ct. 51, 84 L.Ed. 20; Swift & Co. v. Hocking Valley Ry. Co., 243 U.S. 281, 289, 37 S.Ct. 287, 61 L.Ed. 722; McCloskey v. Toledo Pressed Steel Co., 6 Cir., 30 F.2d 12, 13. The case of Lenox Clothes Shops v. Commissioner, 6 Cir., 139 F.2d 56, relied on by appellee, dealt with a question of fact.

■ Appellee further contends that the Court erred in holding that the rule in the Neirbo case did not apply because it was restricted to cases involving diversity of citizenship. It relies upon Oklahoma Packing Company v. Oklahoma Gas & Electric Company, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537, in support of this contention. Although diversity of citizenship existed in that case, jurisdiction was based upon the fact that the suit was one arising under the Constitution of the United States. In that case the Circuit Court of Appeals held that the defendant corporation "by complying with the provisions of Oklahoma law respecting the domestication of foreign corporations, waived its right to object to the venue of the court and consented to be sued in the District Court of the United States for the Western District of Oklahoma" 10 Cir., 100 F.2d 770, at page 775. This ruling was affirmed by the Supreme Court. The case involved a construction of the effect of the broad provisions of the Oklahoma statute which provided that every foreign corporation in order to be authorized to transact

business in the State should appoint an agent "upon whom service of process may be made in any action in which said corporation shall be a party; and action may be brought in any county in which the cause of action arose * * *." 18 O.S. 1941 § 452. In determining the effect of the Oklahoma statute the Circuit Court of Appeals said—"By complying with those provisions and obtaining a license to transact a local business in Oklahoma, the Delaware Company *did more than appoint a statutory agent for service of process;* it assented to be sued in any court, state or federal, whose territorial jurisdiction embraced the county in which the cause of action arose. The cause of action here sued on arose in Oklahoma County. The Western District of Oklahoma embraces that county and a regular term of the court is held at Oklahoma City in that county." (Emphasis added.) The Supreme Court agreed that under such a statute there was in fact a consent on the defendant's part to be sued in the courts of Oklahoma upon causes of action arising in that State. In the Neirbo case, where the New York statute was involved, the defendant was required to designate an agent as the person "'upon whom process against the corporation may be served.'" [308 U.S. 165, 60 S. Ct. 158.] In the case before us now, the Michigan statute involved, similarly to the New York statute, requires the appointment of an agent for service of process, but does not have the broad wording or effect of the Oklahoma statute. Section 21.94 of Michigan Statutes Annotated, Callaghan, 1938 Edition, Comp.Laws Supp. 1940, § 10135-93, provides that it shall be unlawful for any foreign corporation to carry on its business in the State until it shall have procured from the Secretary of State a certificate for that purpose, which certificate is conditional upon the appointment of an agent "to accept service of process on behalf of such corporation." Section 27.761, Comp.Laws Supp. 1940, § 14094, provides that service of process may be made upon such agent. In view of the additional provisions in the Oklahoma statute, we are of the opinion that the ruling in that case is not applicable to the present case.

Appellee's petition for rehearing will be overruled.

Judge Simons is of the opinion that the petition for rehearing should be granted and the decree below affirmed on the authority of Oklahoma Packing Company v. Oklahoma Gas & Electric Company, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 537. He sees no substantial difference between the Oklahoma and Michigan Statutes.