## IOCONO et al. v. ANASTASIO et al.

District Court, S. D. New York.

Jan. 7, 1948.

Joseph B. Koppelman, of New York City, for plaintiffs.

Burlingham, Veeder, Clark & Hupper, of New York City (Herbert M. Lord, of New

York City, of counsel), for defendant United Fruit Co.

GODDARD, District Judge.

Motion by United Fruit Company to dismiss the amended complaint on the ground of improper venue as to this defendant.

The action is brought by a number of plaintiffs against some seventy defendants for overtime compensation, liquidated damages, and attorneys' fees under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

The defendant United Fruit Company is a New Jersey corporation engaged in the business of transporting cargo and passengers in interstate and foreign commerce, principally between New York, other Atlantic ports and Caribbean, Central and South American ports. It maintains an office at Pier 9, North River, which is within the Southern District of New York. It had filed, with the Secretary of State of New York, a certificate designating a person upon whom process might be served within the State of New York as to any cause of action in any court in this state.

The amended complaint alleges that "Jurisdiction is conferred upon the court by Section 41(8) 28 U.S.C. [Judicial Code § 24] [28 U.S.C.A. § 41(8)] giving the District Court of the United States original jurisdiction of all suits and proceedings arising under any law regulating commerce without regard to the citizenship of the party or the sum or value in controversy and by Section 16(b) of the Act."

In the absence of any provisions in the Fair Labor Standards Act as to venue, the question of venue must be determined by Section 51 of the Judicial Code, 28 U.S.C.A. § 112, the pertinent part of which reads—"No civil suit shall be brought in any district court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant * * *."

In Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437 it was held that Section 51 merely accords to the defendant a personal privilege respecting the venue, or place of suit which he may assert, or waive, at his election; that where the defendant, a foreign corporation, had filed a certificate designating the Secretary of State of New York as agent for service of process as to any cause of action in any court of this state, Section 51 is satisfied. With the result that the foreign corporation is to be regarded for venue purposes under Section 51 as an "inhabitant" of the State in which such certificate is filed.

The defendant urges that the Neirbo case involved the question of diversity of citizenship and that its application was limited to that class of cases. But I find nothing in the opinion in the Neirbo case to indicate that the decision is not equally applicable to cases arising under a federal statute as well as to those involving diversity of citizenship. McMaster v. Texas Gulf Producing Co., D.C., 44 F.Supp. 672; American Blower Corp. v. B. F. Sturtevant Co., D.C., 61 F.Supp. 756; Monroe Calculating Mach. Co. v. Marchant Mach. Co., D.C., 48 F.Supp. 84.

Defendant cites Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, and American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 161 F.2d 956, but these were patent cases brought under Section 48 of the Judicial Code, 28 U.S.C.A. § 109.

The motion to dismiss the complaint is denied. Settle order on notice.