604

AARON et al. v. AGWILINES, Inc., et al.

District Court, S. D. New York.
Feb. 5, 1948.

Max R. Simon, by Goldwater & Flynn, all of New York City, for plaintiff.

Kirlin, Campbell, Hickox & Keating, of New York City (James H. Herbert and John J. McDonnell, both of New York City, of counsel), for defendant A. H. Bull & Co.

Burlingham, Veeder, Clark & Hupper, of New York City (Herbert M. Lord, of New York City, of counsel), for defendant United Fruit Co.

RIFKIND, District Judge.

The motions by defendants A. H. Bull & Co., Inc., and United Fruit Company to dismiss the action for improper venue present the question whether, in an action against a foreign corporation, in which jurisdiction is founded upon the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., venue may be laid in this district, of which defendant is not a resident, it having designated an agent to receive service of process under § 210 of the New York General Corporation Law, Consol.Laws, c. 23, or its predecessor statute L. 1892, c. 687.

The question may be put in abbreviated form: Is the rule of Neirbo Co. v. Bethlehem Shipbuilding Corporation, 1939, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A. L.R. 1437, limited to cases in which jurisdiction is founded on diversity of citizenship?

Defendants would have the latter question answered in the affirmative. Their argument briefly is (1) that Neirbo was a diversity case; (2) that the court emphasized the fact that in diversity cases the federal courts apply the law of the state; and (3) that to extend Neirbo to non-diversity cases raises the constitutional issue whether a state may, as a condition of doing business within it, exact a waiver of objection to venue when the privilege of objecting is conferred by federal law. See Southern Pacific Co. v. Denton, 1892, 146 U.S. 202, 13 S.Ct. 44, 36 L.Ed. 942. Jurisdiction in the Neirbo case was based on diversity, but it is not possible to ascertain from the Court's references to diversity and to state law whether it meant to limit its doctrine to diversity cases or was merely alluding to the facts of the case pending before it.

References to the Neirbo case were made in Mississippi Publishing Corporation v. Murphree, 1946, 326 U.S. 438, 441, 66 S.Ct. 242, 90 L.Ed. 185 and in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 506, 67 S.Ct. 839, neither of which concerned the precise

question here involved. In both cases, in the reference to Neirbo, diversity was mentioned, the former stressing the function of the federal court to apply state law. Again, however, there was no express limitation of the Neirbo doctrine, nor was the question presented.

In Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 1940, 308 U.S. 530, 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, 537, written by Mr. Justice Frankfurter, author of the Neirbo opinion, a Delaware corporation, which had designated an agent for service of process in Oklahoma, was there held amenable to suit in a federal district court. Diversity seems to have been present but no mention was made of it. The Circuit Court, however, flatly stated that jurisdiction was not based on diversity. It said:

"In the instant case, jurisdiction was based upon the fact that the suit was one arising under the Constitution of the United States, namely, that the enforcement of order No. 3388 would deprive the Gas Corporation of its property without due process of law contrary to the provisions of the Fourteenth Amendment, U.S.C.A. Const. Amend. 14." Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 10 Cir., 100 F.2d 770, at page 773.

This basis of jurisdiction in the Oklahoma case was explicitly recognized in the rehearing in American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 164 F.2d 208, 209:

"Although diversity of citizenship existed in that case, jurisdiction was based upon the fact that the suit was one arising under the Constitution of the United States."

But the failure of the Oklahoma opinion itself to mention the jurisdictional basis for the suit, and the equivocal language in the Mississippi Publishing Corporation and Gulf Oil cases, decided after Oklahoma,

leave the coverage of the Neirbo doctrine open to some doubt.

The Third Circuit in Crosley Corp. v. Westinghouse Electric & Mfg. Co., 1942, 130 F.2d 474, certiorari denied, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546, held that Neirbo was not limited. The Sixth Circuit in American Chemical Paint Co. v. Dow Chemical Co., 1947, 161 F.2d 956, first held Neirbo limited to diversity cases, but retreated from that position upon rehearing, 6 Cir., 1947, 164 F.2d 208, when it accepted the non-diversity basis of Oklahoma, but distinguished the Michigan Statute which it was interpreting from the Oklahoma Statute, 18 O.S.1941 § 452, involved in the Oklahoma case.

The Second Circuit has not yet passed on the question.[1]

The district courts have not held the rule limited to diversity cases. McMaster v. Texas Gulf Producing Co., D.C., S.D.Tex., 1942, 44 F.Supp. 672; Monroe Calculating Machine Co. v. Marchant Calculating Machine Co., D.C., E.D.Pa., 1942, 48 F.Supp. 84; American Blower Corp. v. B. F. Sturtevant Co., D.C., S.D.N.Y., 1945, 61 F.Supp. 756; Iocono v. Anastasia, D.C., S.D.N.Y., 1948, 75 F.Supp. 602, by Goddard, J.

The absence of clear and binding authority returns the argument to its origin—the Neirbo case. Is there anything in the logic of that decision which should restrict its application? The roots of the Neirbo case are in Ex parte Schollenberger, 1877, 96 U.S. 369, 24 L.Ed. 853. That case, too, was one founded on diversity, but none of its language is so restricted. The reference to the application by the federal courts of state laws, which is found in Neirbo, is not derived from Ex parte Schollenberger. In 1939, the court, after Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, could say so. Would the court have decided otherwise had Erie v. Tompkins gone the other way? There is nothing in Neirbo to suggest such

---

[1] In Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134 F.2d 545, 547, it said:

"The appellant is quite right, of course, in saying that Westinghouse, having designated an agent for the service of process upon it in New York, may be sued in the federal courts sitting in New York, *at least where diversity is the ground of federal jurisdiction*, notwithstanding the fact that it is there a foreign corporation." (Italics supplied).

606

an outcome. On the contrary, when Schollenberger was written, Swift v. Tyson, 16 Pet. 1, 10 L.Ed. 865, had been law for thirty five years.

Moreover, since under the Fair Labor Standards Act the federal and state courts have concurrent jurisdiction, the instant case at least, fits precisely into the language of Mr. Justice Frankfurter at page 171 of 308 U.S., at page 156 of 60 S.Ct. of the Neirbo case, where he stressed the fact that the federal courts have "cognizance, concurrent with the courts of the several States."

■ The logical basis of Neirbo is that the consent to be sued is genuine, voluntary and uncoerced. Since objection to venue may be waived or improper venue may be consented to, not only in diversity cases, but in all cases, the consent should be deemed sufficient even when jurisdiction is founded on non-diversity grounds unless the terms of the consent are restricted so as to exclude any but diversity cases. Neither Bagdon v. Philadelphia & Reading Coal & Iron Co., 1916, 217 N.Y. 432, 111 N.E. 1075, L.R.A.1916F, 407, Ann. Cas.1918A, 389, nor any case which has been called to my attention so limits the scope and meaning of the consent filed under § 210 of the New York General Corporation Law.

■ Though the motion is not so founded, the argument is also advanced that the action should be dismissed because service was not made on the statutory agent. It is not suggested that service was not made in accordance with Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It is asserted, however, and not denied that it was not made upon the designated agent. I construe the provision for service upon the statutory agent as permissive and not mandatory and that service when made in any of the modes authorized by Rule 4 is sufficient.

The United Fruit Co. complied with the predecessor of the present § 210, L.1892, c. 687, § 16, which was construed in the Neirbo case. The difference in wording between the earlier statute "designating * * * a person upon whom process

against the corporation may be served within the state"—and the later statute—"* * * designation of the secretary of state as its agent upon whom all process in any action or proceedings against it may be served within this state"—does not have any significance in the question of applicability of either to actions in the federal court.

The intimation to the contrary found in the majority opinion in American Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 1947, 164 F.2d 208, 210, I do not consider persuasive.

■ There is no merit in the contention that failure actually to do business in the State of New York vitiates an unwithdrawn designation under § 210 or its predecessor.

The motions are denied.