AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, Plaintiff,

v.

TRANS WORLD AIRLINES, INC. et al., Defendants.

Christopher J. Clark et al., Defendants-Intervenors.

No. 78 Civ. 3707 (KTD).

United States District Court, S. D. New York.

Nov. 17, 1980.

See also, D.C., 506 F.Supp. 236.

Cohen, Weiss & Simon, New York City, for plaintiff; Michael E. Abram and Jay P. Levy-Warren, New York City, of counsel.

Chadbourne, Parke, Whiteside & Wolff, New York City, for Trans World Airlines, Inc.; Donald I. Strauber and Henry J. Oechler, Jr., New York City, of counsel.

Haley, Bader & Potts, Chicago, Ill., for defendants-intervenors; Raymond C. Fay, Chicago, Ill., Grau & Weiner, P. C., New York City, of counsel.

KEVIN THOMAS DUFFY, District Judge:

On August 10, 1978, Trans World Airlines, Inc. [hereinafter referred to as "TWA"] announced its policy that flight engineers would no longer be required to retire from that position upon reaching age 60. According to TWA, this policy change was mandated by the 1978 amendments to the Age Discrimination in Employment Act [hereinafter referred to as "ADEA"], 29 U.S.C. § 623(f)(2).

Immediately upon announcement of the new policy, the collective bargaining representative for airline pilots and flight engineers, Air Line Pilots Association [hereinafter referred to as "ALPA"] filed suit alleging that the unilateral change in policy by TWA violated ALPA's rights under the Railway Labor Act (specifically, 45 U.S.C. § 156) to bargain in respect to all changes in working conditions, and seeking a declaratory judgment that the change in policy was not required by the ADEA.

On December 14, 1978, two former commercial airline pilots employed by TWA were allowed to intervene in this action. Defendant-intervenors [hereinafter "Intervenors"] now move to dismiss ALPA's second cause of action which seeks a declaration that (i) the ADEA does not require the employment of any flight deck crew member past the age of 60; or (ii) if the ADEA does so require, that it is not effective with respect to TWA flight deck employees until the termination of the ALPA–TWA collective bargaining agreement or January 1, 1980, whichever occurs first.

Intervenors argue that the second cause of action should be dismissed because (i) there is no justiciable case or controversy between plaintiff ALPA and defendant TWA with respect to that aspect of the complaint; and (ii) declaratory relief is not appropriate in this case.

█ Intervenors first argue that this action was filed as a friendly suit and that ALPA and TWA desire the same result, i. e. the retirement of flight deck crew members at age 60. There is no question, however,

that when various crew members interested in continuing as flight deck employees beyond age 60 intervened in this case, the second cause of action became highly contentious. *Associated General Contractors of America, Inc. v. Laborers International Union of Northern America*, 476 F.2d 1388 (Em.App.1973). The participation of these parties assures that the interests of the flight deck crew members in the second cause of action will be represented and that the litigation will have "that concrete adverseness which sharpens the presentation of the issues." *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962). Thus, even if the adversary nature of the proceedings was dubious at first, the action is now a case or controversy entitled to treatment in accordance with the Declaratory Judgment Act. 28 U.S.C. § 2201.

The intervenors also argue that a declaratory judgment is inappropriate because a case involving the same issues is pending elsewhere.

█ It is true that a declaratory judgment ordinarily will not be accorded where the same parties and issues are involved in another suit previously begun or where another suit subsequently begun involving the same parties and issues could be better handled in the other court. *Crosley Corporation v. Westinghouse Electric and Manufacturing Co.*, 130 F.2d 474 (3rd Cir.), *cert. denied*, 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942). Neither of these concerns, however, is present in this case. The case referred to by the intervenors, *Thurston v. TWA*, 79 Civ. 4915 (KTD), was filed two and one half months *after* the present suit and, in any event, that case was transferred to this district and is being consolidated with this action.

█ Finally, intervenors assert that issuing a declaratory judgment in this case would undermine the statutory procedure for adjudicating ADEA claims. Intervenors' concern, however, is misplaced. The statutory procedure referred to by intervenors relates to individuals who have allegedly been discriminated against under the ADEA. ALPA is not seeking such re-

**236**

lief nor interfering with any individual's right to seek such relief under the ADEA. Instead, ALPA is asking for a clarification of the rights and responsibilities of ALPA and TWA under the ADEA in order that other disputes between them might be settled. It is for just such a purpose that the declaratory judgment procedure exists. *See Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321 (4th Cir. 1937).

The parties to this case and the cases being consolidated clearly have a bona fide controversy concerning the application of the ADEA to the ALPA–TWA collective bargaining agreement. TWA and some of the individuals who are parties claim that the ADEA requires the change in retirement age for flight engineers; ALPA and the other individual parties allege that it does not. Resolution of this issue by declaratory judgment will clarify the positions of the parties and, in fact, may terminate the controversy that gave rise to these proceedings. Thus, declaratory judgment is quite appropriate and the motion to dismiss the second cause of action is denied.

See also., D.C., 506 F.Supp. 234.