Jerome D. SALINGER a/k/a J.D. Salinger, Plaintiff-Appellant,

v.

RANDOM HOUSE, INC. and Ian Hamilton, Defendants-Appellees.

No. 657, Docket No. 86–7957.

United States Court of Appeals, Second Circuit.

Petition for rehearing Submitted Feb. 12, 1987.

Decided May 4, 1987.

---

Before NEWMAN and MINER, Circuit Judges.

PER CURIAM:

Following our decision of January 29, 1987, 811 F.2d 90, appellees have petitioned for rehearing and, in support of their petition, have moved to supplement the record on appeal. They wish to include Judge Leval's marked copy of plaintiff's trial exhibit that sets forth those passages of Salinger's letters alleged to be infringed and compares them with the allegedly infringing passages of Hamilton's biography. Judge Leval color-coded his copy, meticulously marking the passages in five colors to reflect his view as to whether the passage contained an infringing quotation, an infringing paraphrase, a non-infringing quotation (because Salinger was quoting someone else or because the quoted words were a cliche), a non-infringing report of historical facts, or a non-infringing report of ideas. Judge Leval first disclosed his marked copy of the exhibit to the parties at a chambers conference on February 18, 1987, and that day ordered it made a part of the record in the District Court.

However, on March 9, 1987, Judge Leval vacated his February 18 order, expressing doubt as to his jurisdiction to enter the order during the pendency of the appeal from the denial of the preliminary injunction. To eliminate any basis for such doubt, we issued our mandate on April 1 remanding the case to the District Court for the limited purpose of deciding whether to add the Judge's marked copy of the exhibit to the trial record. By order dated April 23, Judge Leval reinstated his February 18 ruling. Pursuant to our April 1 ruling, the mandate has been recalled following Judge Leval's ruling, and the issue of supplementing the appellate record is now properly before us.

We have authority to supplement the record on appeal, Fed.R.App.P. 10(e), even at this late stage of the appellate process, *see American Chemical Paint Co. v. Dow Chemical Co.*, 164 F.2d 208, 209 (6th Cir.1947), and have concluded that we should do so in this instance. The marked exhibit clarifies our understanding of the process by which the District Judge reached the decision challenged on appeal.

Having examined the marked exhibit, we can eliminate the uncertainty we previously expressed as to whether Judge Leval had considered those passages of Salinger's letters that Hamilton's biography had closely paraphrased. We can now be certain that such passages were considered, a matter we had been willing to assume on our initial consideration of the appeal. *See* 811 F.2d at 98.

Nevertheless, we see no reason for altering our conclusion that the biography, in its present form, infringes Salinger's copyright in his letters. Indeed, the marked

exhibit reinforces our conclusion that the District Judge has, in some instances, misapplied the governing standards. Now that we can identify precisely those passages that the District Judge deemed to be infringing and non-infringing, it is evident that some passages containing facts and ideas were not deemed infringing, even though those passages impermissibly took the expressive content of Salinger's letters by copying the author's "association, presentation, and combination of the ideas and thought which go to make up [his] literary composition." *Nutt v. National Institute Inc. for the Improvement of Memory*, 31 F.2d 236, 237 (2d Cir.1929).

The motion to supplement the record is granted. The petition for rehearing is denied.