No. 87-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

———————————————

VIRGIL and BARBARA BURNS,

        Plaintiffs and Appellants,

  -vs-

JIM HINMAN,

        Defendant and Respondent.

———————————————

APPEAL FROM: District Court of the Twentieth Judicial District,
            In and for the County of Lake,
            The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Manley, Smith & Dupuis; James A. Manley, Polson,
        Montana

    For Respondent:

        M. Richard Gebhardt, Ronan, Montana

———————————————

Submitted on Briefs: Aug. 20, 1987

Decided: October 29, 1987

Filed: OCT 29 1987

*Ethel M. Harrison*

—————————————————————
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Burns sued Mr. Hinman for breach of a haying contract. The District Court for the Twentieth Judicial District, Lake County, concluded that plaintiffs had proven breach, but had failed to prove that Mr. Hinman caused their damages. It ordered that plaintiffs take nothing by their complaint and awarded Mr. Hinman his costs of suit. We affirm.

The issues are:

1. Did the District Court err in denying plaintiffs consequential damages for their lost second hay crop?

2. Did the District Court err in denying plaintiffs recovery for damages to their tractor?

In the spring of 1985, the parties entered an oral agreement that Mr. Hinman would cut and bale the Burns' first hay cutting of the year. Mr. Hinman is in the business of custom farming other people's land. Mr. Hinman had cut the Burns' hay in the previous year, and was familiar with the Burns' hay operation. He was also familiar with the Burns' summer schedule of conducting ten-day pack trips into the Bob Marshall Wilderness.

The parties agreed that the cutting and baling would be done by July 10. However, because he got a late start and because of equipment problems, Mr. Hinman did not actually complete the cutting and baling until July 20. By that time, the crew which the Burns had hired to stack the bales had returned to the Bob Marshall. The Burns asked Mr. Hinman to get someone to put the hay up, and Mr. Hinman agreed that he would try. Mr. Hinman hired three high school age boys who stacked approximately 40 acres of the 100 acres to be

stacked. The Burns returned from the Bob Marshall August 3 and completed the hay stacking with their own crew.

Mr. Hinman presented the Burns with a $1,507 statement for the swathing, baling, and stacking he had done. Mrs. Burns gave Mr. Hinman a check for $750 on August 3, but later stopped payment on the check. Mr. Hinman obtained a justice court default judgment for his work. The Burns have paid that judgment. The Burns filed their own suit in justice court, alleging that the late harvest of their first hay crop prevented them from harvesting a second hay crop that year. They also alleged damages to their tractor while it was under Mr. Hinman's control. The Burns obtained judgment of $3,500 in justice court. Mr. Hinman appealed to district court.

The District Court ruled that the Burns had "failed to prove that the ten-day delay in the completion of the swathing and baling by [Mr. Hinman] was the cause of [the Burns] not getting a second cutting of hay in 1985." It also ruled that the record failed to establish that Mr. Hinman bore any fault for the damages to the Burns' tractor. The court therefore ordered that the Burns take nothing by their complaint.

I

Did the District Court err in denying plaintiffs consequential damages for their lost second hay crop?

The District Court found

[t]hat the Plaintiffs failed to prove that the failure to get a second cutting of hay in 1985 was caused by Defendant not completing the swathing and baling until July 20, 1985 rather than July 10, 1985 according to the terms of their oral agreement.

The District Court's findings will be affirmed if they are supported by substantial credible evidence. Cameron v. Cameron (1978), 179 Mont. 219, 227, 587 P.2d 939, 944. Where

- 3 -

the evidence conflicts, the trial judge's resolution of those conflicts will not be disturbed unless there is a clear preponderance of evidence against the court's findings. Cameron, 587 P.2d at 944.

The record contains conflicting evidence on this issue. Mr. Burns testified at trial that the delay in harvesting and stacking his first hay crop caused his second crop to dry up from not being irrigated during the delay. However, Mr. Hinman was not obligated under the parties' oral contract to stack the hay. Therefore, only ten days of delay is attributable to Mr. Hinman's late performance under the contract. Mr. Burns admitted that no second cutting was made off the fields in 1984, either. Mr. Hinman offered his opinion that the Burns should have started watering on each field as soon as the hay bales were picked up, instead of waiting until the bales were picked up from all the fields before beginning any watering. Further, Mr. Hinman testified that he had finished harvesting and stacking the Burns' hay in 1984 on approximately the same date as he finished in 1985.

We conclude that substantial evidence supports the District Court's finding that there was a failure to prove that the absence of a second crop in 1985 was a result of delay caused by Mr. Hinman.

II

Did the District Court err in denying plaintiffs recovery for damages to their tractor?

The District Court found that

Plaintiffs' evidence established that approximately $981.00 in damages were done to their tractor, but the record does not establish by any preponderance of the evidence as to who caused the damages or that there was any fault on the part of the Defendant.

Again, the issue is whether substantial evidence supports this finding, on which there was conflicting testimony.

The damages to the tractor included a dent in one side which prevented a door from operating properly, broken windows, and a broken steering wheel. Although Mr. Burns testified that it appeared the tractor had been dented in a collision with his haying wagon, Mr. Hinman testified that the position of the dent on the tractor was not consistent with such an explanation. Mr. Burns admitted that persons other than Mr. Hinman could have had access to the tractor during the relevant time. One of the high school boys hired by Mr. Hinman testified the door wouldn't close on the tractor when they first used it. The boys denied breaking windows in the tractor, although they did admit that one window accidentally broke while they were haying on rough ground. The Burns' mechanic admitted that he could not determine by inspection exactly when the damage to the tractor occurred.

We conclude that substantial evidence supports the lower court's finding that damages to the tractor were not proven to be Mr. Hinman's fault. The District Court did not err.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
_____
Justices