983 F.2d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRST INTERSTATE BANK OF MISSOULA, N.A., a national banking
association, Plaintiff-Appellant,
v.
FEDERAL LEASING, INC., a Maryland corporation, and Amperif
Corporation, a California corporation, Defendants-Appellees.
 No. 91-35727.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Dec. 14, 1992.
 
 Before JAMES R. BROWNING, DAVID R. THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 First Interstate Bank of Missoula, N.A. (the Bank) brought this action against Federal Leasing, Inc. and Amperif Corporation alleging, inter alia, breach of contract, breach of warranty, failure of consideration, and unjust enrichment. The lawsuit arose out of "modification 4" to a contract for computer equipment between Amperif and the United States Navy. Amperif sold its rights under modification 4 to Federal Leasing, which in turn assigned them to the Bank. Each cause of action in the Bank's amended complaint was founded on the Bank's contention that modification 4 was void and valueless because it was not properly authorized. The district court dismissed the claims against Amperif for lack of personal jurisdiction, granted Federal Leasing's motion for summary judgment and denied the Bank's motion for partial summary judgment. The district court awarded to Federal Leasing certain funds the Bank had tendered to the court. We affirm.
 
 I.
 
 3
 Although the Bank complains it was damaged by the allegedly improper authorization of modification 4, that alleged defect was not a proximate cause of damage to the Bank. The Navy chose not to exercise its renewal option under modification 4 because it no longer needed the computer equipment, not because the modification was invalid.
 
 
 4
 The Bank's contention that this fact was disputed is meritless. The Bank stipulated that the Navy's stated reason for not exercising its renewal option under modification 4 was its lack of need for the equipment. Joint Stipulation of Undisputed Facts, pp 37, 38, 39. The Bank presented no evidence the Navy failed to exercise the option for any other reason. Summary Judgment opinion at 10, p 13. The evidence the Bank now attempts to rely upon was not admissible and, in any event, is not to the contrary.[1]
 
 
 5
 The Bank relies on testimony that if it had known the modification was not authorized, it would not have bought the rights in the first place. This is simply not enough. Even if a contracting party would not have entered into the contract had it known the contract would be breached, no damages can be awarded unless proximately caused by the breach. See, e.g., Burns v. Hinman, 229 Mont. 62, 744 P.2d 879 (1987); Mont.C.Ann. § 27-1-311 (damages recoverable in contract action are those "proximately caused" by the breach).
 
 II.
 
 6
 The Bank sued Amperif as well as Federal Leasing in its original action, but the claims against Amperif were dismissed for lack of personal jurisdiction. Amperif moves to dismiss the Bank's appeal on the ground that the notice of appeal was insufficient. After entry of summary judgment for Federal Leasing in May, 1991, the Bank filed a Notice of Appeal reading:
 
 
 7
 Notice is hereby given that the Plaintiff, First Interstate Bank of Missoula, N.A., hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Judgment, filed and entered, May 21, 1991, in this action.
 
 
 8
 Amperif argues this notice is insufficient to obtain review of the October, 1985 order dismissing Amperif, because it makes no reference to that order, and because the May 21, 1991 judgment to which the notice does make reference also contains no mention of the 1985 order.
 
 
 9
 Federal Rule of Appellate Procedure 3(c) provides: "The notice of appeal shall ... designate the judgment, order or part thereof appealed from...." As we said in Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988):
 
 
 10
 "We have held that a mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984).
 
 
 11
 A two-part test is used to determine whether "intent" and "prejudice" are present: "first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue." Lynn v. Sheet Metal Workers' Int'l Assoc., 804 F.2d 1472, 1481 (9th Cir.1986).
 
 
 12
 While the notice of appeal itself did not give Amperif notice of the Bank's intention to appeal the 1985 order, Amperif had such notice from the Civil Appeals Docketing Statement filed by the Bank, which specifically mentioned Amperif and the 1985 order. Amperif was not prejudiced by the arguably inartful notice because it had ample opportunity to brief the issues on appeal. Accordingly, Amperif's motion to dismiss the appeal is denied, and we turn to the merits of the jurisdictional issue.
 
 
 13
 The Bank is a national banking association organized in Montana. Amperif is a California corporation, with offices in California and Maryland. Amperif filed extensive affidavits asserting the absence of any substantial or continuous contacts with Montana. These went unchallenged, and the Bank therefore concedes, for the purposes of this case, that Amperif is not subject to general jurisdiction in Montana. Data Disc, Inc. v. Systems Tech. Assoc., 557 F.2d 1280, 1287 (9th Cir.1977).
 
 
 14
 The Bank argues Amperif is subject to limited jurisdiction in Montana because of the contract Amperif sold to Federal Leasing and Federal Leasing sold to the Bank. A non-resident's contacts with the forum state are evaluated under a three-part test to determine whether limited jurisdiction exists:
 
 
 15
 (1) The non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
 
 
 16
 (2) The claim must be one which arises out of or results from the defendant's forum-related activities.
 
 
 17
 (3) Exercise of jurisdiction must be reasonable.
 
 
 18
 Data Disc, 557 F.2d at 1287. The first and third parts of the Data Disc test are not satisfied because there is no evidence of purposeful availment of the forum state by Amperif.
 
 
 19
 The Bank argues Amperif knew the contract and its modification were to be sold by Federal Leasing to the Bank in Montana, and that such knowledge is sufficient in itself to constitute purposeful availment of the forum. The Bank is incorrect. The evidence the Bank relies on to show Amperif knew the lease would be assigned to a Montana bank was not in the record when the dismissal motion was considered. As this court has ruled, "[p]apers submitted to the district court after the ruling that is challenged on appeal should be stricken from the record on appeal." Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988) (emphasis in original).
 
 
 20
 Even if Amperif knew the rights conferred by the lease would be sold to a Montana financial institution, that knowledge alone would not satisfy due process. As the United States Supreme Court recently explained,
 
 
 21
 [t]he "substantial connection" between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State. The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, ... [b]ut a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.
 
 
 22
 Asahi Metal Industr. Co. v. Superior Court, 480 U.S. 102, 112 (1987) (emphasis in original) (citations omitted).
 
 
 23
 The Bank's challenge to the district court's denial of jurisdiction over Amperif is groundless.[2]
 
 III.
 
 24
 The Bank contests the district court's June 12, 1991 order awarding Federal Leasing certain money the Bank tendered to the court. The Bank first challenges the district court's jurisdiction to enter the order. The district court entered summary judgment on May 21, 1991. This judgment did not address the disposition of the money on deposit. Federal Leasing filed a motion seeking delivery of the funds, and the Bank opposed the motion. While the motion was pending, the Bank filed a notice of appeal from the May 21, 1991 judgment.
 
 
 25
 The Bank argues its notice of appeal divested the district court of jurisdiction to decide the pending motion regarding funds. The Bank is incorrect. A motions panel of this court determined that the May 21, 1991 judgment was not a final order. First Interstate Bank of Missoula v. Federal Leasing, Inc. and Amperif Corp., No. 91-35727 (9th Cir. Nov. 15, 1991) (order denying motion to dismiss). Therefore, the notice of appeal was of no effect when filed on June 14, 1991, and did not divest the district court of jurisdiction. 28 U.S.C. § 1291.
 
 
 26
 On the merits, the Bank admitted in its amended complaint it had no right to retain the funds independent of the setoff it claimed by virtue of the defects in the authorization of the contract. Amended complaint at 19, pp 49, 50. Since the district court properly granted summary judgment to Federal Leasing on the claims in the Bank's complaint, the Bank no longer has any right to a setoff. Accordingly, the funds do not belong to the Bank.
 
 
 27
 The Bank complains, however, that Federal Leasing has not demonstrated its contractual entitlement to the funds. Federal Leasing sought to support its claim by reference to an assignment document between itself and the Bank, which provides: "To the extent Assignee [the Bank] receives payment for items excluded from this Assignment those payments will be held in trust for and remitted to Assignor [Federal Leasing]." Federal Leasing's Supp.E.R. 74. However, the Bank argues the assignment in the record is not probative of any agreement because it was not signed by the Bank. Federal Leasing has moved to supplement the record on appeal with a signed version of the same assignment. See Fed.R.App.P. 10(e).
 
 
 28
 Rule 10(e) provides: "If anything material to either party is omitted from the record by error or accident or is misstated therein, ... the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted." Generally, Rule 10(e) cannot be used to augment the record on appeal with documents not presented to the district court unless there is a clear showing of mistake or accident. See Daly-Murphy v. Winston, 837 F.2d 348, 351 (9th Cir.1987); United States v. Walker, 601 F.2d 1051, 1054-55 (9th Cir.1979).
 
 
 29
 However, the motion to supplement the record was unopposed by the Bank, and it appears evident the signed copy of the assignment was omitted from the district court record by mistake or inadvertence. The unsigned version of the assignment, which was considered by the district court, contains the same terms as the signed one. Thus, the district court had before it the contract terms upon which Federal Leasing seeks to rely. See Salinger v. Random House, 818 F.2d 252, 253 (2d Cir.1987) (allowing supplementation of record on appeal with documents not technically part of district court record where it appeared district court had in fact considered the evidence).
 
 
 30
 Under the terms of the assignment, the money was held in trust by the Bank for Federal Leasing because the money was paid to the Bank by the Navy but was excluded from the assignment. The award of the tendered money to Federal Leasing was proper.
 
 
 31
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The notes of Robert Cengia, an NRCC contracting officer, are not admissible on a motion for summary judgment because they are hearsay and not within an exception to the hearsay rule. Fed.R.Civ.Pro. 56; Fed.R.Evid. 802, 803. In any event, Cengia's affidavit states the Navy failed to exercise the renewal option "because the government's requirements had changed, i.e. the equipment was no longer needed." Cengia Aff. at 8, p 6. The memorandum of Pat Price is also hearsay. Moreover, it mentions a lack of authorization only as the Navy's reason for not accepting proposals Amperif made after the renewal option was not exercised, and has no relevance to the Navy's reasons for not exercising the renewal option in the first place. Affidavit of Roland Driver, Ex. A, p. 3
 
 
 [2]
 It may also be moot in light of our holding in part I