SUMMARY ORDER

Plaintiff-Appellant Ahmed Opetubo appeals from a judgment of the United States District Court for the Eastern District of New York (Ross, J.) affirming the bankruptcy court’s denial of a discharge of Opetubo’s student loan obligation. The district court determined that Opetubo failed to demonstrate that he would suffer undue hardship under this Court’s three-part test in Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir.1997) (establishing that in order to demonstrate that repaying the loan would cause “undue hardship” under 11 U.S.C. § 523(a)(8), debtor must show that (1) he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for the student loans; and (3) the debtor has made good faith efforts to repay the loans). On appeal, Opetubo argues that the district court erred in finding that he failed to meet the Brunner test and seeks *146 a determination of the balance due on the defaulted loan.
When reviewing orders of district courts in their capacity as appellate courts in bankruptcy cases, this Court reviews determinations of law de novo and determinations of fact for clear error. See In re Burger Boys, Inc., 94 F.3d 755, 759 (2d Cir.1996). As an initial matter, this Court will not consider the additional evidence Opetubo submitted on appeal because the majority of the documents reflect changes in Opetubo’s financial circumstances after the bankruptcy and district court decisions. See Brunner, 831 F.2d at 396 (holding that the inquiry is based on debtor’s “current income and expenses.”). Moreover, several of the exhibits concerning the correct balance due on the loan were not submitted to the bankruptcy or district courts, and therefore, would not clarify this Court’s “understanding of the process by which the District Judge reached the decision challenged on appeal.” See Salinger v. Random House, 818 F.2d 252, 253 (2d Cir.1987) (noting that parties may supplement a record on appeal pursuant to Fed. R.App. P. 10(e) if anything material is omitted from or misstated in the record). Accordingly, no grounds exist to find that the district court or the bankruptcy court erred in calculating Opetubo’s loan balance.
We find no clear error in the district court’s application of Brunner and affirm the non-dischargeability of the student loan obligation substantially for the reasons stated by the bankruptcy and district court judges.
For these reasons, the judgment of the district court is AFFIRMED.