21-1342-cv
SEC v. Govender (Fishoff)

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-----------------------------------------------------------------

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

v.                                                    No. 21-1342-cv

DESHAN GOVENDER,

*Defendant-Appellant.*\*

-----------------------------------------------------------------

---

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLEE:     PAUL G. ALVAREZ, Senior Litigation Counsel (John J. Avery, Deputy Solicitor, *on the brief*), *for* Dan M. Berkovitz, General Counsel, U.S. Securities and Exchange Commission, Washington, DC

FOR DEFENDANT-APPELLANT:     Deshan Govender, *pro se*, Albany, NY

Appeal from judgments of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal is DISMISSED in part and the judgment of the District Court is AFFIRMED in part.

Deshan Govender, proceeding pro se, appeals from a June 4, 2019 partial consent judgment entered into with the Securities and Exchange Commission ("SEC"), and a September 30, 2020 judgment of the District Court (Carter, J.) ordering him to pay a civil penalty of $445,576. Govender also moves to supplement the record on appeal with additional documents regarding his financial situation. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to

explain our decision.

Turning first to Govender's appeal of the consent judgment, we agree with the SEC that Govender is precluded from appealing the consent judgment here. "Appeal from a consent judgment is generally unavailable on the ground that the parties are deemed to have waived any objections to matters within the scope of the judgment." LaForest v. Honeywell Int'l Inc., 569 F.3d 69, 73 (2d Cir. 2009). We have recognized exceptions to this rule "where (i) the [appealing] party did not actually consent . . . or (ii) the court lacked subject matter jurisdiction to enter the judgment," Priest v. C.I.R., 173 F.3d 845 (2d Cir. 1999) (table), or the appealing party has "expressly preserve[d] the right to appeal" the judgment, see LaForest, 569 F.3d at 73. None of these exceptions apply here. First, Govender concedes that he entered into the partial consent judgment voluntarily – and with the assistance of counsel – "so [he] could get on with [his] life and take action to repair [his] reputation." Pet. Br. 17. Second, the District Court clearly had subject matter jurisdiction over this proceeding. See 28 U.S.C. § 1331; 15 U.S.C. § 78aa. Although Govender suggests otherwise and claims that the SEC filed its complaint after the five-year statute of limitations for SEC enforcement actions expired, we have held that the statute is not jurisdictional. See SEC v.

Fowler, 6 F.4th 255, 260–61 (2d Cir. 2021). Lastly, Govender did not expressly preserve any right to appeal the consent judgment. In summary, Govender is precluded from appealing the partial consent judgment. We therefore dismiss his appeal insofar as it seeks review of that judgment. See Priest, 173 F.3d 845, at *1; In re Refco, 505 F.3d 109, 120 (2d Cir. 2007).

Next, we consider whether the District Court abused its discretion when it ordered Govender to pay $445,576 in civil penalties.[1] See SEC v. Kern, 425 F.3d 143, 153–54 (2d Cir. 2005). Govender argues that the District Court based its civil-penalty determination on a flawed assessment of his ability to pay. We disagree. When the District Court lowered Govender's civil penalty from the SEC's proposed amount of $668,364 to $445,576, it credited Govender's assertions about his financial situation, specifically acknowledging "the amount of debt Govender faces as well as the extent to which this action has hindered his ability

---

[1] We deny Govender's motion to supplement the record with additional documents regarding his financial situation. We consider new evidence on appeal only in "extraordinary circumstances," Int'l Bus. Machs. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975), such as when the new material would "clarif[y] our understanding of the process by which the District Judge reached the decision challenged on appeal," Salinger v. Random House, Inc., 818 F.2d 252, 253 (2d Cir. 1987). Here, the District Court has already mitigated Govender's civil penalty on account of his assertions of financial hardship. The additional proffered documents about his financial situation would not aid our ability to review the District Court's civil-penalty order.

4

to find employment." App'x 235. In concluding that Govender should be subject to a "substantial fine," App'x 234–35, the District Court also properly considered that Govender's conduct was egregious, knowing, and central to a larger fraudulent scheme. The District Court's decision to impose a civil penalty of $445,576 after weighing these factors and Govender's financial hardship fell within "the range of permissible decisions," SEC v. Razmilovic, 738 F.3d 14, 25 (2d Cir. 2013), and we therefore affirm the challenged judgment.

We have considered Govender's remaining arguments and conclude that they are without merit. For the foregoing reasons, Govender's appeal of the partial consent judgment is DISMISSED, and the September 30, 2020 judgment of the District Court is AFFIRMED. Govender's motion to supplement the record on appeal is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5