22-453-cv
DeBernardo v. Lowe's Home Ctrs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand twenty-three.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

Thomas DeBernardo,

> *Plaintiff-Appellant*,

> v.                                          22-453

Lowe's Home Centers,

> *Defendant-Appellee.*[*]

_____

FOR PLAINTIFF-APPELLANT:          Thomas DeBernardo, pro se, East Patchogue, NY.

FOR DEFENDANT-APPELLEE:          Daniel J. Moore, Harris Beach PLLC, Pittsford, NY.

---

[*] The Clerk is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** and the motion to supplement the record is **DENIED**.

Plaintiff-Appellant Thomas DeBernardo, proceeding pro se, appeals the district court's grant of summary judgment for Defendant-Appellee Lowe's Home Centers ("Lowe's"). DeBernardo sued Lowe's claiming (1) age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") and New York State Human Rights Law ("NYSHRL"); and (2) breach of contract under New York law. The district court granted summary judgment on all claims, reasoning that DeBernardo's ADEA and NYSHRL claims failed because DeBernardo was not a Lowe's employee at the time of the alleged unlawful conduct and that his contract claims were barred by the plain terms of the parties' settlement agreement. *See DeBernardo v. Lowe's Home Ctrs.*, No. 19-CV-04968, 2022 WL 377962, at *5–8 (E.D.N.Y. Feb. 8, 2022). On appeal, DeBernardo argues that the district court erroneously granted summary judgment without considering certain deposition materials, and he moves to supplement the record. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

**I.      Summary Judgment**

Our review of a grant of summary judgment is de novo, construing facts in the light most favorable to DeBernardo and resolving all ambiguities and drawing all reasonable inferences against Lowe's. *See Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary

judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists when "the evidence is such that a reasonable jury could decide in the non-movant's favor." *Kee*, 12 F.4th at 158 (citation and quotation marks omitted). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation and quotation marks omitted).

### A. Discrimination and Retaliation Claims

The district court correctly held that Lowe's is entitled to summary judgment as to DeBernardo's ADEA and NYSHRL claims. First, there is no genuine dispute of material fact as to DeBernardo's discrimination claims. The ADEA makes it unlawful "for an employer[] to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). "The ADEA prohibits *employers* from discriminating on the basis of age against their *employees*." *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) (citing 29 U.S.C. § 623(a)). "An employer-employee relationship is also required to sustain analogous claims under the NYSHRL." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014). There is no record evidence indicating, nor does DeBernardo contend, that he was an employee at the time of Lowe's alleged unlawful conduct. Lowe's thus cannot be held liable for discrimination under the ADEA or NYSHRL.

Second, there is also no genuine dispute of material fact as to the retaliation claims. Neither party challenges the district court's analysis that an employee-employer relationship is

3

also a requirement for retaliation claims under the ADEA and NYSHRL.[1] Even assuming ADEA and NYSHRL retaliation claims could be brought by former employees, we nevertheless find no genuine dispute of material fact.

Retaliation claims are governed by the *McDonnell Douglas* burden-shifting framework. *See Summa v. Hofstra Univ.*, 708 F.3d 115, 125 (2d Cir. 2013) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Here, even assuming that DeBernardo made out a prima facie case of retaliation,[2] we conclude that no reasonable jury could find that Lowe's valid non-retaliatory reason for its action was pretextual. Lowe's asserted that it requested DeBernardo's removal from the store because he was being disruptive and speaking to other employees about having "won" against his former employer. This Court has recognized that "conduct that disrupts the workplace" is a legitimate reason for taking adverse action against an employee or individual. *Matima v. Celli*, 228 F.3d 68, 79 (2d Cir. 2000). Although DeBernardo's earlier age-discrimination complaint cannot be entirely separated from Lowe's conduct—neither the disruption nor the call would have occurred without the lawsuit—it is also not so intertwined that Lowe's response to DeBernardo's disruption was "in fact[] motivated by discriminatory retaliation." *Summa*, 708 F.3d at 125.

DeBernardo's arguments to the contrary are unavailing. The district court did not err by failing to review full transcripts of certain depositions before granting summary judgment for

---

[1] We take no position today on whether former employees may raise retaliation claims under the ADEA and NYSHRL. In the Title VII retaliation context, the Supreme Court has interpreted "employees" to include both current and former employees. *Cf. Robinson v. Shell Oil Co.*, 519 U.S. 337, 345–46 (1997).

[2] It is unclear on this record whether Lowe's contact with DeBernardo's current employer amounted to an "adverse employment action," which is a requirement of establishing a prima facie case of retaliation, *Summa*, 708 F.3d at 125, but we assume without deciding that it did.

4

Lowe's. DeBernardo points to no authority that required Lowe's to supply a full deposition transcript to the district court, and DeBernardo does not contend that he was prevented from introducing these materials at summary judgment. Moreover, the full transcript and allegedly contradictory affidavit of a Lowe's manager would not create a genuine dispute of material fact as to whether DeBernardo was a Lowe's employee at the time of the alleged unlawful conduct or whether Lowe's had a non-pretextual reason for seeking his removal from its store.

B.      Breach-of-Contract Claims

The district court also correctly determined that no genuine dispute of material fact existed as to whether Lowe's breached the parties' settlement agreement. "A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007). The settlement agreement was governed by New York law, under which breach claims require "proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

There is no genuine dispute of fact that Lowe's did not breach the settlement agreement. The agreement contained a "Non-disparagement and References" clause with two relevant provisions. First, "DeBernardo agrees that he will not disparage Lowe's, or its officers, employees or directors." Supp. App'x at SA-40. Second, "Lowe's agrees that it will provide Mr. DeBernardo with a neutral reference consisting only of dates of employment and last position held." *Id.* DeBernardo alleges that Lowe's breached its "oblig[ation] not to disparage plaintiff" when it "inform[ed] plaintiff's current employer that plaintiff had brought a discrimination lawsuit against Lowe's." *Id.* at SA-28. But under the plain terms of the agreement, the non-

5

disparagement clause provides protection to Lowe's only, and Lowe's conduct here cannot be reasonably characterized as a failure to provide a neutral employment reference. So as the district court reasoned, neither clause prevented Lowe's from asking DeBernardo's current employer to remove him from one of its stores.

**II.     Motion to Supplement the Record**

We deny DeBernardo's motion to supplement the record to include omitted pages of a deposition transcript and the deposition of another manager. "If anything material to either party is omitted from or misstated in the record by error or accident," this "may be corrected and a supplemental record may be certified . . . by the court of appeals." Fed. R. App. P. 10(e)(2)(C). We consider evidence outside the record before the district court only in "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). For example, record supplements may be appropriate to "clarif[y] [the Court's] understanding of the process by which the District Judge reached the decision challenged on appeal." *Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987). But DeBernardo failed to submit the additional deposition materials to the district court, so the materials could not have affected the court's decision to grant summary judgment. *See Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019) (A motion to supplement "is not a device for presenting evidence to this Court that was not before the trial judge." (citation and quotation marks omitted)). We thus deny DeBernardo's motion.

*     *     *

We have considered DeBernardo's remaining arguments and find them to be without merit.

For the foregoing reasons, we **AFFIRM** the judgment of the district court and **DENY** the motion to supplement the record.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court