24-2957-cv
*Schwetz v. Bd. of Coop. Educ. Servs. of Nassau Cnty.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand twenty-six.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> ALISON J. NATHAN,
> *Circuit Judges*.

───────────────────────────────

Patricia Schwetz,

     *Plaintiff-Appellant*,

     v.                       24-2957

The Board of Cooperative Educational
Services of Nassau County,

     *Defendant-Appellee*.

───────────────────────────────

FOR PLAINTIFF-APPELLANT:          PATRICIA SCHWETZ, pro se,
                                  Merrick, NY.


FOR DEFENDANT-APPELLEE:           DEANNA COLLINS,
                                  Silverman & Associates,
                                  White Plains, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Patricia Schwetz, proceeding pro se, appeals the district court's grant of summary judgment in favor of her former employer, the Board of Cooperative Educational Services of Nassau County ("the Board"). The district court reasoned that Schwetz's claims of gender discrimination and retaliation in violation of Title VII were time-barred because she did not file her EEOC charge until more than 300 days after the discriminatory and retaliatory acts she complained of, and that her state law claims were procedurally barred because she failed to file a notice of claim as required by state law. *Schwetz v. Bd. of Coop. Educ. Servs. of Nassau Cnty.*, No. 21-CV-3396, 2024 WL 4350530, at *6–7, *9 (E.D.N.Y. Sept. 30, 2024). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

2

"We review *de novo* a district court's grant of summary judgment after construing all evidence, and drawing all reasonable inferences, in favor of the non-moving party." *Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam).

We agree with the district court that Schwetz's Title VII claims were time-barred. Title VII requires a New York plaintiff such as Schwetz to file a charge with the EEOC within 300 days of an alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). That deadline functions like a statute of limitations. *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996). Applied here, it means that for an alleged discriminatory act to be actionable under Title VII, it must have occurred during the 300 days prior to Schwetz's March 15, 2021 EEOC charge—i.e., on or after May 19, 2020. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). All of the wrongful conduct Schwetz alleged occurred before May 19, 2020. Accordingly, Schwetz's Title VII claims based on this conduct are untimely.

Schwetz contends that the Board waived its untimeliness defense because it did not raise the issue in a motion to dismiss. But defendants like the Board do not "forfeit[] a statute of limitations defense by raising it when the Federal Rules so require—in the answer." *Atticus Ltd. Liab. Co. v. Dramatic Publ'g Co.*, 145 F.4th 257, 278 (2d Cir. 2025); *see also* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state

3

any avoidance or affirmative defense, including . . . statute of limitations"). The Board therefore did not waive its untimeliness defense.

Schwetz next argues that the continuing violation doctrine saves her claims because the Board took additional discriminatory actions against her after the cut-off date of May 19, 2020. The continuing violation doctrine creates an exception to the 300-day rule when "specific and related instances of discrimination are permitted by the employer to continue unremedied for so long as to amount to a discriminatory policy or practice[.]" *King v. Aramark Servs., Inc.*, 96 F.4th 546, 559 (2d Cir. 2024) (quoting *Van Zant*, 80 F.3d at 713). But Schwetz's Title VII claims are premised on discrete acts of discrimination and retaliation, not a "discriminatory policy or practice." *See id.* And "discrete discriminatory act[s]" are "individually actionable": each one "carries its own 300-day limitations period." *Id.* at 559 (citing *Morgan*, 536 U.S. at 110). So even assuming the district court could consider the additional discriminatory actions Schwetz raised in her opposition to the Board's summary judgment motion, those actions would not make her earlier discrete act claims timely under the continuing violation doctrine.

We also agree with the district court that Schwetz's state law claims are procedurally barred. When reviewing state law claims, federal courts apply state notice of claim statutes. *See Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.

4

1999). In New York, a plaintiff suing a school district "for any cause whatsoever" must file a notice of claim with the district's governing body within 90 days of the claim's accrual. N.Y. Educ. Law § 3813(1). "The essential elements to be included in the notice are the nature of the claim, the time when, the place where and the manner in which the claim arose[.]" *Parochial Bus Sys., Inc. v. Bd. of Educ.*, 60 N.Y.2d 539, 567–68 (1983). "The test of the notice's sufficiency is whether it includes information sufficient to enable the [governing body] to investigate the claim." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981).

The district court properly concluded that Schwetz failed to satisfy the state notice of claim requirement. Schwetz argues that her counsel's March 11, 2020 letter to the Board fulfills this requirement. That letter was timely served on the relevant governing body. However, that letter did not allege gender discrimination or retaliation for opposing or reporting discriminatory conduct, and it did not convey any intent to sue— it simply asked the Board to comply with its internal policies and to review its termination decision. Therefore, the letter failed to put the Board on notice of Schwetz's claims. Schwetz further contends that her EEOC charge filed on March 15, 2021 satisfies the notice of claim requirement. There is no evidence, however, that the EEOC charge was served on the Board within the required notice period.

5

Schwetz also moves to supplement the record with a document that was not before the district court, i.e., an EEOC charge filed by another employee against the Board. We deny this motion because the document does not pertain to Schwetz's claims, does not help clarify how the district court reached its decision, and does not "bear heavily" on the merits of the appeal. *See United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980); *Salinger v. Random House, Inc.*, 818 F.2d 252, 253 (2d Cir. 1987) (per curiam); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

We have considered Schwetz's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the of the district court. The motion to supplement the record is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6